Luther MCGIBBONEY,
Plaintiff–Appellant,

v.

State of NEW YORK, DIVISION OF PAROLE; N. Persaud, Parole Officer; Andrew Peters, Superintendent of Watertown Correctional Facility; Gayle McGuane, Deputy Superintendent of Watertown Correctional Facility; J. Monfileto, Senior Parole Officer at Watertown Correctional Facility, Glenn S. Goord, Commissioner of D.O.C.S., Defendants–Appellees.

No. 03–0118.

United States Court of Appeals,
Second Circuit.

March 15, 2004.

Luther McGibboney, Coxsackie, NY, for Appellants, pro se.

Nancy A. Spiegel, Senior Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Denise A. Hartman, Assistant Solicitor General, on the brief), Albany, NY, for Appellees.

Present: WALKER, Chief Judge, CARDAMONE, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Luther McGibboney, *pro se*, appeals from the district court's March 3, 2003 judgment dismissing his claim pursuant to 42 U.S.C. § 1983 for failure to state a claim that defendants-appellees, the State of New York Division of Parole, Parole Officer N. Persaud, Superintendent Andrew Peters, Superintendent Gayle McGuane, Senior Parole Officer J. Monfileto, and New York State Commissioner of Corrections Glenn S. Goord (together, "appellees") violated his rights under the Eighth and Fourteenth Amendments when McGibboney was incarcerated for seventy-nine days beyond his original release date. The district court held, *inter alia:* (1) the claim against the Division of Parole was barred by the Eleventh Amendment; (2) McGibboney had failed to state a claim against Persaud and Goord because his claim did not allege sufficient personal involvement; and (3) the extension of his release date was proper under the pertinent New York State regulations and thus McGibboney failed to state a claim against any of the appellees.

On appeal McGibboney argues that (1) he has stated a claim under 42 U.S.C. § 1983; (2) the district court erred in refusing to allow him to amend his complaint; and (3) he should be given an opportunity to conduct discovery to prove the allegations in the complaint.

We review a Fed.R.Civ.P. 12(b)(6) dismissal *de novo*, and, drawing all inferences in favor of the plaintiff, "affirm only if we find that, taking the allegations in the complaint[ ] as true, the plaintiff[ ] ha[s] al-

leged no facts upon which [he] can be granted relief." *European Cmty. v. RJR Nabisco, Inc.*, 355 F.3d 123, 130 (2d Cir. 2004). Having reviewed the record below, we find no error with the district court's judgment and affirm for substantially the reasons stated by the district court. Furthermore, because any attempt to state a claim would have been futile under these facts and there was no indication that a second amended complaint would cure the defect, we conclude that the district court did not abuse its discretion in denying McGibboney leave to amend his complaint. *Id.* at 130–31.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**